OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

March 5, 2001

The Honorable Chad Cowan
Jones County Attorney
Third Floor Courthouse
P.O. Box 68
Anson, Texas 79501

Opinion No. JC-0351

Re:   Whether the City of Anson is a home-rule municipality (RQ-0295-JC)

Dear Mr. Cowan:

You have requested our opinion as to whether the City of Anson is a home-rule municipality. For the reasons set forth below, we conclude that it is. We begin with a summary of the information you have provided us.[1]

On April 6, 1920, voters in the City of Anson approved the adoption of a home-rule charter. By letter dated the following day, the Mayor, George H. Brockett, filed with the Secretary of State:

> a true and correct copy of the "New Charter of the City of Anson, Jones County, Texas," which was voted upon and by me declared elected, in a regularly ordered election held in said City of Anson, Texas, on the 6th, day of April, A.D. 1920, by the following vote, to-wit:   For the Adoption of the Charter-119 votes.   Against the Adoption of the Charter-50 votes.

Memorandum, note 1 (Exhibit A). On July 29, 1921, the Secretary of State certified the filing of the charter, noting the following:

> It will be presumed that a city council, or governing body of any city, on ordering a charter election for a city of more than 5,000 inhabitants, first ascertained its population and its findings in this respect [are] conclusive.

*Id.* (Exhibit B at 2).

---

[1]*See* Memorandum from Honorable Chad Cowan, Jones County Attorney, to Honorable John Cornyn, Attorney General of Texas (Oct. 13, 2000) (on file with Opinion Committee) [hereinafter Memorandum].

Cities having a population of 5000 or fewer, under the terms of article XI, section 4 of the Texas Constitution, may be chartered only by general law. *See* TEX. LOC. GOV'T CODE ANN. chs. 6, 7 (Vernon 1999 & Supp. 2001). By contrast, article XI, section 5, adopted in 1912, permits a municipality of more than 5000 persons to hold an election to adopt a charter. You indicate your belief that the City of Anson did not have a population of 5000 in 1920, and has never, in fact, had a population of more than 5000. The 1990 decennial census shows the population of Anson to be 2644. *See* 1 BUREAU OF THE CENSUS, U.S. DEP'T OF COMMERCE, 1990 CENSUS OF POPULATION: General Population Characteristics: Texas 4 (1992) (Population of City of Anson: 2644). Your question is whether the city is at the present time a home-rule municipality under article XI, section 5, or a general-law municipality. A 1965 decision of the Texas Supreme Court provides the answer to your question.

In *State ex rel. Rose v. City of La Porte*, 386 S.W.2d 782 (Tex. 1965), the state brought a quo warranto action on behalf of three individuals challenging the home-rule charter of the City of La Porte. The trial court held that the charter was void, apparently because it found that La Porte did not have a population of more than 5000. Both the appellate court and the Texas Supreme Court overturned that decision, finding that La Porte was a home-rule city. The supreme court opted to "squarely meet" the "question of whether the governing body of a city is properly empowered to determine whether or not, population wise, its city is eligible to adopt the powers and privileges granted by Article XI, Section 5, of the Texas Constitution[,]" because "[a]n answer to this question is important not only to La Porte, but to all cities in Texas which are similarly situated." *Id.* at 784.

The Texas Supreme Court reasoned that, "in adopting the Home-Rule Amendment to the Constitution, the voters had no intention of leaving the matter of population determination open indefinitely and subject to question until finally settled by judgment in a quo warranto judicial proceeding." *Id.* "It would be wholly unrealistic," the court found, "to hold that the electorate at the time of the adoption of the amendment intended that the census rule should control the determination of population." *Id.* at 786. Thus, the court concluded that:

> the matter of population determination is placed directly in the hands of the City's governing body, . . . and . . . when the governing body once ascertained the fact that La Porte had a population of more than 5000 at the time of the adoption of its Home-Rule Charter, such ascertainment is presumed to have been validly exercised in the absence of allegations and of proof of fraud, bad faith or abuse of discretion.

*Id.* at 785.

The letter from the Mayor of Anson to the Secretary of State indicated that the charter election held on April 6, 1920, was a "regularly ordered election." Memorandum, *supra* note 1 (Exhibit A). As the Secretary of State noted in certifying the municipal charter, it must be presumed that, when a city's governing body orders a charter election that is available only to a city of more

than 5000 inhabitants, such governing body has first ascertained that its population exceeds that figure. *See id.* (Exhibit B at 2). The Texas Supreme Court's decision in *City of La Porte* then places that determination beyond dispute, except where there is proof of fraud, bad faith, or abuse of discretion. In the absence of such proof, voter approval of the 1920 charter means that the City of Anson is, and has been since April 6, 1920, a home-rule municipality operating under article XI, section 5 of the Texas Constitution.

# S U M M A R Y

The City of Anson is a home-rule municipality, and has been so since April 6, 1920.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General - Opinion Committee